1  Martin Simone, Esq. (Cal. Bar No. 51584)
2  Martin@frankandsimonelaw.com
3  Simone & Roos, LLP
4  5627 Sepulveda Blvd., Suite 206
5  Sherman Oaks, CA 91411
6  Telephone: (818) 788-1914
7  Fax: (818) 787-1960
8  Attorneys for Plaintiffs
9  ASHOK KUMAR and SONIA SOOD

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHOK KUMAR, ) | Case No. 2:23-cv-5993 |
| ) | |
| -and- ) | **COMPLAINT** |
| ) | **PURSUANT TO 7** |
| SONIA SOOD ) | **USC § 2023(13) FOR** |
| ) | **A TRIAL DE NOVO** |
| PLAINTIFFS, ) | **AND REVIEW OF** |
| ) | **USDA DECISION** |
| -v- ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | |

1

Plaintiffs Ashok Kumar and Sonia Sood, through their attorneys, the Simone & Roos, LLP, and Spodek Law Group, P.C., respectfully allege as follows:

## **NATURE OF THE CLAIM**

1. This is an action seeking and judicial review of an order (the "Order") from the Supplemental Nutrition Assistance Program ("SNAP") imposed by the Food and Nutrition Services ("FNS") permanently disqualifying Plaintiffs from participating in the food stamp program for based on alleged violations of regulations prohibiting trafficking of SNAP benefits, asserting claims for a trial *de novo* of a final agency decision by the United States Department of Agriculture-FNS.

2. Jurisdiction of this Court is invoked pursuant to 7 U.S.C. §§ 2011, et seq. and, more specifically, 7 U.S.C. § 2023(13).

3. The Store, which is the subject of the Order of the United States Department of Agriculture, is in the City of Van Nuys, State of California, which is within the jurisdiction of the United States District Court for the Central District of California.

4. This Court is empowered to review the Order pursuant to 7 U.S.C. § 2023.

## THE PARTIES

5. At all times herein mentioned, Plaintiffs Ashok Kumar and Sonia Sood are residents of the State of California. Plaintiffs own and operate Hazeltine Market (the "Store" or "Plaintiff"), a market with an address of business at 6108 Hazeltine Avenue, Van Nuys California 91401.

6. Defendant United States of America (the "Defendant") formed, maintains and controls the United States Department of Agriculture ("USDA" or "Department" or "Agency"), of which the Food and Nutrition Service is a subsidiary. The Food and Nutrition Service ("FNS") of the United States Department of Agriculture administers the Supplemental Nutrition Assistance Program ("SNAP") program by, in part, issuing Electronic Benefits Transfer (EBT) cards to eligible users who purchase eligible food items from retailers that the FNS authorizes as qualified SNAP participants. The retailer is reimbursed for each eligible EBT purchase.

## BACKGROUND FACTS

7. At all relevant times, the Store was an authorized participant in the Supplemental Nutrition and Assistance Program, administered by the USDA's Food and Nutrition Services.

8. After allegedly conducting an investigation into Plaintiffs, on or about February 2, 2023 Plaintiffs received Defendant's Charge Letter, whereby the Department levied charges against the Store relating to the alleged trafficking of SNAP benefits as demonstrated through alleged transaction data gleaned from the Agency's investigation into Plaintiffs and the Agency's ALERT System, which the Agency uses to help determine allegedly violative SNAP retailers. *See*, Final Agency Decision, dated June 26, 2023 as **Exhibit A**.

9. On or about February 9 and 13, 2023, Plaintiffs (through counsel) responded to the initial charges, in writing, detailing that Plaintiff had no prior knowledge of the alleged trafficking activities and believed the transactions cited to be legitimate. Plaintiffs further sought leniency in the event that the Department sustained the allegations, and explained it had in place policies and procedures to ensure that SNAP guidelines were followed, and thus were deserving and eligible for a Civil Monetary Penalty ("CMP"). In these responses to Defendant, Plaintiff provided, *inter alia*, a detailed Store policy booklet, which contains the Store's operating procedures and policies, including as to SNAP transactions.

10. By letter dated March 7, 2023 the Department rendered its decision, permanently disqualifying the Store from participation in SNAP, and denied Plaintiffs' request for a civil monetary penalty, asserting that Plaintiffs had not provided enough evidence to find a compliance policy and program existed at the Store prior to the date of the alleged violations. Days later, on or about March 14, 2023 Plaintiff requested administrative review of the Agency's March 7, 2023 decision.

11. As such, on or about April 2023 Plaintiff submitted additional documentation and corresponding explanations for why Plaintiffs had not trafficked any SNAP benefits, it further presented evidence which merited a CMP instead of disqualification. Plaintiff again detailed that it trains its employees in all SNAP rules and regulations, and had no knowledge of any alleged unlawful SNAP activity.

12. Notwithstanding Plaintiff's appeal of this decision, on or about June 26, 2023 the Department issued a final decision upholding the permanent disqualification of Plaintiff from FNS.

13. The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet certain financial need requirements. SNAP participants are awarded benefits (money) issued on a state-

by-state basis in varying amounts based upon the needs of their household. These benefits are transmitted to, and utilized by the participant, through an EBT card, which conceptually functions similar to a debit card.

14. Authorized SNAP retailers are governed by Defendant through 7 C.F.R. § 278.6 which in pertinent part permits the disqualification or suspension of retailers who violate SNAP regulations.

15. Here in the instant matter, Plaintiffs have been charged by the Agency with trafficking in SNAP benefits. The term "trafficking" is defined at length by 7 C.F.R. § 271.2, which states in pertinent part that trafficking is: "(1) the buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone; (2) the exchange of firearms, ammunition, explosives, or controlled substances, as defined in 21 U.S.C. §802, for SNAP benefits; (3) purchasing a product with SNAP benefits that has a container requiring a return deposit with the intent of obtaining cash by discarding the product and returning the container for the deposit amount, intentionally discarding the product, and intentionally returning the container for the deposit

amount; (4) purchasing a product with SNAP benefits with the intent of obtaining cash or consideration other than eligible food by reselling the product, and subsequently intentionally reselling the product purchased with SNAP benefits in exchange for cash or consideration other than eligible food; (5) intentionally purchasing products originally purchased with SNAP benefits in exchange for cash or consideration other than eligible food; or (6) attempting to buy, sell, steal, or otherwise affect an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signatures, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone." *See,* 7 C.F.R. § 271.2.

16. Defendant erred in determining that Plaintiff liable for violating applicable SNAP rules and regulations, and further erred in determining that Plaintiff was ineligible for a CMP, as Plaintiff provided conclusive evidence that it met the four criterion established at 7 C.F.R. § 278.6(i).

17. Moreover, pursuant to 7 C.F.R. § 278.6(d), FNS in determining the appropriate penalty must consider (1) The nature and scope of the violations committed by personnel of the firm, (2) Any prior action taken by FNS to warn the firm about the possibility that violations are occurring, and (3) Any other evidence

that shows the firm's intent to violate the regulations.

18. Plaintiff has never been warned and never before been sanctioned for violation of SNAP laws or regulations. Plaintiff has never been denied SNAP payments or reimbursement based on any SNAP program violation.

19. Plaintiff is not aware, nor has he ever been notified or warned, of any irregularities in their compliance with SNAP laws or regulations that might warrant his store being targeted for a surreptitious investigation of his compliance.

20. At no time between the Store's inception and the date of the disqualification decision did the FNS Regional Office or the Agency consider issuing a warning letter as required by 7 C.F.R. § 278.6(d)(2).

21. The Final Agency Decision did not find that the Regional Office complied with 7 C.F.R. § 278.6(d)(2) by considering prior efforts to warn plaintiff, or any of the other factors enumerated at §278.6(d), including Plaintiffs' intent to violate any SNAP rule or regulation, as required by (d)(3).

22. Plaintiffs have exhausted its administrative remedies, and accordingly, are entitled to a judicial trial *de novo* of the administrative action, and seeks reversal of the finding of a SNAP violation and the disqualification of the Store from SNAP participation

**STATEMENT OF CLAIMS**
**AS AND FOR A FIRST CAUSE OF ACTION**

**(For Judicial Review of the Order and Trial *de novo*)**

23. Plaintiffs repeat, reiterate and reallege each and every allegation made in the foregoing paragraphs, as if fully set forth at length herein.

24. Under the laws governing the Act, a plaintiff is usually entitled to a trial *de novo* by a court to "determine the validity of the questioned administrative action" as well as a trial *de novo* of whether the FNS followed the Act and regulations in failing to credit Plaintiffs assertions and evidence, whether the Department considered any prior warnings to the Store or the intent of the Store to violate SNAP regulations, and whether FNS decision to impose said penalty was arbitrary and capricious. *See*, 7 U.S.C. § 2023.

25. Here, the guidelines purportedly followed by SNAP allow a civil monetary penalty in lieu of a disqualification pursuant to 7 C.F.R. § 278(i).

26. In the instant case, Plaintiff has clearly demonstrated their entitlement to a civil monetary penalty in lieu of disqualification. As the administrative record reflects, Plaintiffs have submitted evidence, including but not limited to training and compliance documentation and statements from the owner, which satisfy the criteria necessary to qualify for a civil monetary penalty. Defendant's refusal to award Plaintiffs' a CMP is arbitrary and capricious and not based in fact or law, as Plaintiffs possesses all requisite documentation to establish its eligibility, and

Defendant's explanation for its failure to issue said CMP to Plaintiffs is patently devoid of merit.

27. FNS failed to properly account for Plaintiffs' explanations as to the source of the allegedly violative transactions by the Store.

28. Pursuant to 7 C.F.R. §§ 2023(13) and 2023(15), Plaintiff is entitled to a trial *de novo* on whether he violated a provision of the Act or a regulation under the Act, including trial *de novo* of whether the FNS followed the Act and regulations in finding the violation occurred as alleged.

29. Plaintiffs have been aggrieved by the determination of the USDA and aver that the agency's findings are unsupported by reliable probative evidence and are otherwise the product of unlawful agency action.

30. As such, the Order should be extinguished.

31. Additionally, FNS violated its own regulations, 7 C.F.R. § 278.6(d)(2)-(3), which imposes a mandatory requirement that the FNS Regional Office making a disqualification or penalty determination consider prior action taken by FNS to warn the retailer about the possibility violations are occurring and the intent of the Store to violate the regulations. The FNS never considered this prior action nor the Store's intent to violate the regulations.

32. Plaintiff respectfully requests that the court vacate the Final Agency

Decision and immediately reinstate the Plaintiff as a SNAP participant, because:

- The FNS violated its own regulations and thus cannot impose any sanction;
- FNS has acted arbitrarily and capriciously and violated its own regulations in imposing a penalty of permanent disqualification;
- The permanent disqualification will cause hardship to SNAP recipients in the area surrounding the plaintiffs' store.

33. Alternatively, the Court should either: find no sanction appropriate, but direct issuance of a written warning; reduce the disqualification to a reasonable civil money penalty, or disqualify the Store for one year as a result of its issuance of SNAP credit accounts to its customers, or find that grounds for a hardship CMP exist and no period of disqualification is necessary.

34. No prior relief has been requested.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A. *De novo* review of the Order and the subsequent extinguishment

11

thereof; or

B. Extinguishment of the Order as FNS has acted arbitrarily and capriciously and violated its own regulations in imposing a penalty of permanent disqualification without properly considering all statutory factors and by failing to accept Plaintiffs assertions and explanations with respect to its issuance of credit accounts as to the transactions identified in the Charge Letter; or

C. An Order finding that FNS has acted arbitrarily and capriciously in denying Plaintiffs' request for a CMP, and that FNS should issue the CMP in lieu of disqualification; and

D. Grant such further relief as this Court deems necessary and proper in the public interest; and

E. Order Defendants to reimburse Plaintiffs for all costs and fees associated with the commencement and prosecution of this lawsuit.

Dated:   Sherman Oaks, CA
         July 24, 2023

**SIMONE & ROOS, LLP**

/s/
_____
BY: Matin Simone, Esq
*Attorney for Plaintiffs*
5627 Sepulveda Blvd.
Suite #206
Sherman Oaks, CA 91411
Cal. Bar No. 51584

**SPODEK LAW GROUP, P.C.**

/s/
_____
BY: Jeremy Feigenbaum, Esq.
*Attorney for Plaintiffs*
85 Broad Street, 17th Fl.
New York, NY 10004
(347) 292-8630
N.Y. State. Bar No. 5173620
*Application for Pro Hac Vice Admission to be filled imminently.*